UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-                                    **OPINION & ORDER**
                                                  06-CR-328 (SJF)

FRANK SCHWAMBORN

                     Defendant.
------------------------------------------------------X
FEUERSTEIN, J:

I.    Introduction

On May 19, 2006, Defendant Frank Schwamborn ("Defendant" or "Schwamborn") was charged in indictment 06-CR-328 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Defendant has moved to reassign this case pursuant to Rule 50.3 of the Guidelines for the Division of Business, United States District Court, Eastern District of New York ("Guidelines") and the Due Process Clause of the Fifth Amendment of the United States Constitution. For the reasons set forth below, the motion is denied.

II.    Facts

Defendant was arrested in the Eastern District of New York in 2001 and charged under indictment 01-CR-416 (U.S. v. Aparo et al.) with the crimes of racketeering, conspiracy to

1

engage in racketeering, conspiracy to commit wire and mail fraud, wire fraud, mail fraud, conspiracy to launder money, and interstate transportation of a stolen security. In the introduction to the indictment, Defendant, David P. Grossman ("Grossman") and others are identified as associates of the Genovese organized crime family in the Aparo/Dichiara crew. The case was assigned to United States District Judge I. Leo Glasser.

Defendant, Grossman, and a co-defendant, Robert Santoro, were scheduled for trial before Judge Glasser in November 2002. On October 11, 2002, Grossman entered into a cooperation agreement with the U.S. Attorney's Office for the Eastern District of New York. Grossman admitted to the Government that he, Defendant, and others conspired to violate 15 U.S.C. §§ 78j(b) and 78ff and Rule 10-b5 of the Rules and Regulations of the Securities and Exchange Commission by manipulating and artifically inflating the price of securities of World Cyberlinks Corp. in order to defraud the investing public in connection with the purchase and sale of the securities. As part of the conspiracy, Grossman, Defendant and their co-conspirators issued securities of World Cyberlinks Corp. to themselves and then sold and transferred the securities in violation of restrictions under federal law. See U.S. v. Grossman, 02-CR-416 (S-11); Transcript of David Grossman's Pleadings in U.S. v. Grossman, 02-CR-416 (S-11), p. 18-19.

Pursuant to the cooperation agreement, Grossman agreed to plead guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and to plead guilty to a superceding information that charged him with conspiracy to commit offense or to defraud the United States in violation of 18 U.S.C. § 371 in connection with the purchase and sale of the securities of World Cyberlinks Corp. The superceding information (02-CR-416 (S-11)) refers to

Grossman's admitted violations of 15 U.S.C. §§ 78j(b) and 78ff and Rule 10-b5 of the Rules and Regulations of the Securities and Exchange Commission. However, pursuant to his agreement, Grossman was not specifically charged for his criminal activity involving securities fraud and money laundering regarding World Cyberlinks Corp. (Grossman Cooperation Agreement, p. 4). On October 11, 2002, Grossman pled guilty before Judge Glasser.

On November 15, 2002, three (3) days before his trial was to commence, Defendant pled guilty to the full indictment. On May 19, 2003, Defendant moved to withdraw his plea, alleging that it was not knowing or voluntary and that he had received ineffective assistance of trial counsel. Judge Glasser denied Defendant's motion and sentenced him to fifty-five (55) months of imprisonment followed by three (3) years of supervised release. U.S. v. Schwamborn, No. 01-CR-416 (E.D.N.Y. May 23, 2003) (unpublished decision). The United States Court of Appeals for the Second Circuit affirmed Defendant's conviction and sentence. U.S. v. Schwamborn, 87 Fed. App. 197 (2d Cir. 2004). However, following the United States Supreme Court's decision in U.S. v. Booker, 543 U.S. 220 (2005), and its decision in U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005), the Court of Appeals, by Order dated February 24, 2005, remanded the case to Judge Glasser to reconsider Defendant's sentence in light of U.S. v. Crosby. On remand, Judge Glasser reimposed his original sentence. U.S. v. Schwamborn, No. 01-CR-416 (E.D.N.Y. June 25, 2005) (unpublished decision).

On May 19, 2006, Defendant was indicted for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Indictment 06-CR-328 charges money laundering involving the proceeds of unlawful activities including securities fraud in violation of 15 U.S.C. § 78j(b) and Rule 10-b5 of the Rules and Regulations of the Securities and Exchange Commission, and

mail fraud in violation of 18 U.S.C. § 1341.

Rule 50.1 of the Guidelines requires the party filing the initial paper in a civil or criminal case to file an information sheet with the Clerk of the court. Pursuant to Rule 50.3, item 5 on the information sheet requires a listing of "Related Civil or Criminal Cases - Title and Docket Number(s)." In this case, the Assistant U.S. Attorney listed U.S. v. (sealed), 05-CR-611 and U.S. v. (sealed), 05-CR-651 as related cases. Both cases are currently assigned to this Court. The Assistant U.S. Attorney did not list the earlier case of U.S. v. Aparo et al., 01-CR-416 as a related case. Accordingly, the Clerk's office assigned Defendant's case to this Court as related to 05-CR-611 and 05-CR-651.

III. Analysis

A. Guidelines Claim

Rule 50.3 of the Guidelines provides for the assignment of related cases to the same judge in the interest of judicial economy. The rule states in relevant part:

> (a) "*Related" case defined.* A case is "related" to another for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge.
>
> . . . .
>
> (c) *Criminal cases.* Criminal cases are "related" only when (A) a superseding indictment or information is filed, or (B) more than one indictment or information is filed against the same defendant or defendants, or (C) when an application is filed by a person in custody that related to a prior action. Other cases will be deemed "related" only upon application by a party, upon not less than ten days notice, to each other party, to the judge presiding over the earlier assigned case. The application will be granted if a substantial saving of

4

judicial resources is likely to result from assigning both cases to the same judge.

. . . .

(e) *Assignment of Related Cases.* Related cases shall be assigned by the clerk to the judge to whom was assigned the case with the lowest docket number in the series of cases. . . .

(f) *Case erroneously assigned as related.* The designation of cases as related may be corrected *sua sponte* by the judge to whom they are assigned, by returning to the clerk for reassignment cases erroneously so assigned. The failure to assign related cases appropriately shall be corrected only by agreement of all the judges to whom the related cases are assigned; if they agree, they may transfer the later filed cases as provided in paragraph (e), and notify the clerk of that action.

Section (a) provides the general threshold definition for related cases. For cases to be related, they must stem from a common transaction or event or contain similar facts or legal issues. Unless this threshold test is met, the cases, by definition, are not "related." Further,

> [i]t is only after the court determines that the threshold test has been satisfied, that it then can look to the specific requirements for criminal cases. Both (a) and (c) must be satisfied if a criminal case is to be deemed related. Section (c) was developed by the judges of the court after long debate to ensure that the United States Attorney did not use the government's superior knowledge to put the case before a judge it selected. It is intended as a limitation on cases that qualify under Section (a). A criminal case can "only" be related under Section (a) if it fits within one of the illustrative examples in Section (c). With regard to the applicable provision, here 50.3(c)(B) (cases involving the same defendant), even if the facts and issues are the same, the cases are not related if the defendants are different. By a parity of reasoning multiple cases involving the same defendant, absent similarity of facts or issues, are not related.

U.S. v. Escobar, 803 F.Supp 611, 619 (E.D.N.Y. 1992) (Weinstein, J.). See also U.S. v. Pescatore, No. 05-CR-128, 2006 WL 47451 at *7 (E.D.N.Y. Jan. 5, 2006) ("[T]he fact that cases involve a similar starting point is insufficient for relating them if other issues do not overlap.").

5

While the Guidelines permit motions to change the designation of a case, the Guidelines were adopted for the "internal management" of the court's case load and "shall not be deemed to vest any rights in litigants or their attorneys . . ." Guidelines Preamble. See U.S. v. Garces, 849 F.Supp. 852, 860-61 (E.D.N.Y. 1994) (guidelines are "*not* intended to give the parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the Eastern District administratively handles and assigns its cases") (emphasis in original).

Defendant contends that this case, as well as 05-CR-611 and 05-CR-651, relate to U.S. v. Aparo et al. because a) they are a direct result of Grossman's plea and cooperation in Aparo; b) Judge Glasser took the guilty plea of Grossman, covering the facts and events alleged in this case; and c) the Assistant U.S. Attorney intentionally steered the case to this Court. Defendant argues that, pursuant to Rule 50.3(f), this case should be returned to the Clerk's office for reassignment.

The Government contends that this case was properly classified as a "Long Island case" pursuant to Rule 50.1(d)(1). However, Defendant is not arguing that this case was improperly classified as a "Long Island case" pursuant to Rule 50.1(d)(1), but that this case is related to an earlier case pursuant to Rule 50.3

Defendant's contentions are without merit. The Aparo case had forty (40) named defendants and an indictment that consisted of forty-one (41) counts. Not all defendants were named in every count. Schwamborn was named in seven (7) counts. Those counts involved facts and issues that are unrelated to the instant charges against Schwamborn. Schwamborn pled guilty to the Aparo offenses and was incarcerated for those crimes. Therefore, this case is not related to Schwamborn's portion of the Aparo case.

6

Grossman also pled guilty in the Aparo case but he entered into a cooperation agreement with the Government. Defendant is essentially contending that this case is related to the portion of the Aparo case that involves Grossman (including the superceding information that involved additional securities fraud charges). It is arguable that because both cases involve securities fraud with respect to World Cyberlinks Corp., that the two cases arise from the same transactions or events and therefore satisfy Rule 50.3(a). However, a superseding indictment or information has not been filed, the cases do not involve the same defendant, and an application by a person in custody relating to a prior action has not been filed. Guidelines Rule 50.3(c). Therefore, the cases are not related and the Government correctly omitted U.S. v. Aparo et al. as a related case.

Finally, Rule 50.4 of the Guidelines instructs that "[n]o case shall be reassigned except in the interest of justice and the efficient disposition of the business of the court." Even assuming that this case is properly related to Aparo, Defendant has failed to show that transferring the case at this stage would be in the interest of justice or would result in the efficient disposition of the business of the Court.

B. Due Process Claim

Defendant also argues that by not designating this case as related to the Aparo case, the Government engaged in "prosecutorial judge shopping" in violation of Defendant's Due Process rights. Since the Government acted properly in omitting Aparo from the information sheet, Defendant's Due Process arguments need not be addressed.

V. Conclusion

For the reasons set forth above, Defendant's motion to reassign the case is DENIED.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: October 26, 2006
Central Islip, New York

Copies:

Joseph R. Corozzo, Jr.
Rubinstein & Corozzo LLP
260 Madison Avenue
New York, NY 10016


Burton T. Ryan, Jr.
United States Attorneys Office
610 Federal Plaza
Central Islip, NY 11722